THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LAWRENCE KOPITTKE,

    Plaintiff,

    v.

DEALER MARKET EXCHANGE PR LLC, et. al,

    Defendants.

Civil No. 21-1059 (ADC)

## OMNIBUS OPINION AND ORDER

Before the Court is co-defendants Adrian Jayasinha ("Jayasinha") and Digitraidx LLC's ("Digitraidx") joint motion to dismiss. **ECF No. 26.** Also before the Court is co-defendant Javier Ruiz's ("Ruiz") motion to dismiss. **ECF No. 42.** For the reasons set forth below, Jayasinha and Digitraidx's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Ruiz's motion to dismiss is also **GRANTED IN PART** and **DENIED IN PART**..

**I. Factual and Procedural Background**

Plaintiff Lawrence Kopittke ("plaintiff") filed a complaint against Dealer Market Exchange PR LLC ("DMX"), Jayasinha, Digitraidx and Ruiz on February 5, 2021. **ECF No. 1**. Therein, plaintiff raised claims of breach of contract and *dolus* against DMX, successor liability against Digitraidx, and fraud, breach of fiduciary duty and *dolus* against Jayasinha and Ruiz. *Id.* Plaintiff, a citizen of Florida, crosses the courthouse door on a diversity jurisdiction ticket. *Id.* The assorted co-defendants are citizens of Puerto Rico, California and Oregon. *Id.*

In his complaint, plaintiff alleges that DMX is in breach of the terms of a promissory note it issued to plaintiff. *Id.* He also alleges that Ruiz (an officer/board member of, and shareholder in, DMX) and Jayasinha (an investor in, and advisor to, DMX) conspired to defraud plaintiff and breach their fiduciary duty to DMX by transferring all the company's assets to newly formed Digitraidx,[1] rendering DMX insolvent and thus unable to satisfy its obligations to creditors such as plaintiff. *Id.* Plaintiff also maintains that Digitraidx is liable for DMX's breach on a theory of successor liability, which will be discussed in detail later. *Id.*

Now, Jayasinha, Ruiz and Digitraidx move to dismiss. **ECF Nos. 26** and **42.**

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Communications Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (*citing Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotations marks omitted).

---

[1] DMX allegedly transferred its assets to Jayasinha, who then transferred them to Digitraidx within a 48-hour window. *Id.* Digitraidx is allegedly controlled by Jayasinha and Ruiz. *Id.*

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

**III. Discussion**

The co-defendants in this case launch distinct attacks against plaintiff's complaint in their motions to dismiss. Jayasinha, for example, argues *inter alia* that the claims against him must be dismissed because plaintiff's allegations of fraud do not comply with Rule 9(b)'s[2] heightened standard for pleading fraud, and that a claim of breach of fiduciary duty cannot be formed against him because the complaint does not plead that he owed DMX a fiduciary duty to begin with. **ECF No. 26.** Ruiz, on the other hand, maintains that plaintiff's complaint contains only general, insufficient allegations against him. **ECF No. 42.** Ruiz also contends that plaintiff's suit should be dismissed because he failed to join a diversity-defeating defendant. *Id.* Finally, Digitraidx posits that a theory of successor liability is inapplicable here. **ECF No. 26.**

The Court will address each party's contentions in turn.

---

[2] Of the Federal Rules of Civil Procedure.

### a. Jayasinha

Plaintiff included three counts in his complaint against Jayasinha: fraud, breach of fiduciary duty, and deceit or *dolus*. **ECF No. 1**.

### i. Fraud

Jayasinha argues that the allegations of fraud against him are unspecific and insufficient and should therefore be dismissed. **ECF No. 26** at 10-12**.** The Court agrees.

In diversity cases, state law controls the substantive elements of a fraud claim. *Century Packing Corp. v. Giffin Specialty Equip. Co., LLC*, 438 F. Supp. 2d 16, 25 (D.P.R. 2006). However, plaintiffs must still comply with federal pleading requirements. *Simonet v. SmithKline Beecham Corp.*, 506 F. Supp. 2d 77, 89 (D.P.R. 2007). To that effect, Rule 9(b) of the Federal Rules of Civil Procedure sets forth that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The burden is on a fraud plaintiff to plead "the who, what, where, and when of the allegedly false or fraudulent representation." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004). *See also Katz v. Belveron Real Est. Partners*, --- F.4th --- (1st Cir. Mar. 8, 2022).[3]

Thus, to survive, plaintiff's fraud claim against Jayasinha requires a degree of specificity and particularity that is notably absent in his complaint. Indeed, the complaint alleges only that "Jayasinha agreed with Ruiz in 2018 to defraud DMX's creditors, including [plaintiff], by

---

[3] 2022 WL 682473 at *5.

forming Carzato to compete with DMX"[4] and that "Jayasinha performed multiple overt acts in furtherance of his conspiracy to defraud with Ruiz. In particular, Jayasinha improperly seized the assets of DMX for substantially less than fair market value." **ECF No. 1** at 9-10. It is patently evident that these scant allegations do not include "the who, what, where, and when of the allegedly false or fraudulent representation," *Rodi*, 389 F.3d 5, 15, and therefore fail to satisfy Rule 9(b)'s heightened pleading standard.[5]

In an attempt to save face, plaintiff argues that his claim of fraud against Jayasinha should survive because he pleads a civil conspiracy formed between Jayasinha and Ruiz. **ECF No. 35** at 11-12. Therefore, in his view, the allegations of fraud against Jayasinha and Ruiz – when read in conjunction – form a plausible fraud claim that complies with Rule 9(b)'s heightened standard (even if the ones specifically regarding Jayasinha cannot stand on their own). *Id.* This theory is unavailing.

Plaintiff relies on *Hernández-Cuevas v. Taylor* and *New England Data Servs., Inc. v. Becher* to support his position.[6] 2014 WL 12626352 (D.P.R. Sept. 17, 2014); 829 F.2d 286, 290 (1st Cir. 1987).

---

[4] The complaint also alleges that Ruiz and Jayasinha engaged DMX's largest client, Fiat Chrysler Automobiles, for the benefit of Carzato and detriment of DMX. *Id.* They also agreed to shift focus of business development and fundraising efforts from DMX and Carzato. *Id.*

[5] Even if Rule 9(b) did not apply here and the Court scrutinized plaintiff's fraud claim against Jayasinha under the microscope of the general pleading standard, the end result would be the same. A Puerto Rico fraud claim requires a plaintiff to establish: "(1) that a false representation was made; (2) that the plaintiff reasonably and foreseeably relied thereon; (3) that the plaintiff was injured by his reliance; and (4) that the defendant intended to defraud the plaintiff." *Microsoft Corp. v. Computer Warehouse*, 83 F. Supp. 2d 256, 262 (D.P.R. 2000). Plaintiff's complaint does not include allegations as to these elements against Jayasinha.

[6] Defendant includes one other case, which refers to a "civil conspiracy" when applying Puerto Rico law, but whether one can serve as a vehicle for a Puerto Rico fraud tort is not discussed. *See FDIC v. Martínez Almodovar*, 671 F. Supp. 851, 871-72 (D.P.R. 1987).

However, these two cases do not deal with Puerto Rico state law and therefore do not apply to the issue at hand. *See id.* Indeed, *Hernández-Cuevas v. Taylor* is a case arising under 42 U.S.C. § 1983 and *New England Data Servs., Inc. v. Becher* is a Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., case on appeal from the United States District Court for the District of Rhode Island. *See id.*

It is clear to the Court that plaintiff bases his argument on a flawed understanding of Puerto Rico law – civil conspiracies simply do not exist in Puerto Rico general tort causes of action.[7] *See Next Step Medical Co., Inc. v. Biomet Inc.*, 2015 WL 993095 at *13 (P.R. App. 2015).

Thus, plaintiff's fraud claim against Jayasinha is **DISMISSED WITHOUT PREJUDICE**.

### ii. Breach of Fiduciary Duty

Next, Jayasinha attacks the breach of fiduciary duty claim against him, contending that the complaint does not allege that he owed DMX a fiduciary duty to begin with. **ECF No. 26** at **12-13**. He cannot prevail on this basis.

A claim of breach of fiduciary duty may fly on the wings of an aiding and abetting theory.[8] *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 603 (Del. Ch.), *aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010). Thereby, one who aids and abets another (who owes a corporation a fiduciary duty) to breach said duty can be found liable for the breach, even if they did not personally owe the corporation a fiduciary duty themselves. *Id. See also Ivanhoe Partners*

---

[7] Plaintiff's fraud claim is brought pursuant to Article 1802 of the Puerto Rico Civil Code (Puerto Rico's general tort statute). *Cf. Linares-Acevedo v. Acevedo*, 38 F. Supp. 3d 222, 228 (D.P.R. 2014).

[8] Puerto Rico courts look to Delaware corporate law. *Wiley v. Stipes*, 595 F. Supp. 2d 179, 185 (D.P.R. 2009).

*v. Newmont Mining Corp.*, 535 A.2d 1334, 1344 (Del.1987) (Under Delaware law, "one who knowingly joins with a fiduciary, including corporate officials, in a breach of a fiduciary obligation is liable to the beneficiaries of the trust relationship."). This caselaw pulls the rug from under Jayasinha's argument to dismiss the breach of fiduciary claim – it is not necessary to plead that Jayasinha himself owed DMX a fiduciary duty for him to be liable to plaintiff under that cause of action. *See id.* And, for good measure, the Court holds that plaintiff's complaint pleads that Jayasinha aided and abetted Ruiz in breaching his fiduciary duty to DMX with satisfactory sufficiency.[9] Thus, Jayasinha's motion to dismiss on these grounds is **DENIED**.

Notwithstanding, the Court must raise a concern *sua sponte*. Plaintiff's breach of fiduciary duty cause of action is a derivative claim. **ECF No. 1** at 10. As such, plaintiff's complaint must comply with the strictures of Rule 23.1 of the Federal Rules of Civil Procedure, which dictates that such claims must be lodged via a verified complaint. Fed. R. Civ. P. 23.1. Plaintiff shall, accordingly, fix their procedural oversight by way of a curative affidavit within 15 days of entry of this order. *See Weisfeld v. Spartans Industries, Inc.*, 58 F.R.D. 570 (S.D.N.Y.1972). Failure to comply shall result in the dismissal of plaintiff's breach of fiduciary duty claim.

### iii. Dolus

Finally, Jayasinha moves to dismiss plaintiff's claim for *dolus*, arguing plaintiff's chosen

---

[9] The elements of aiding and abetting a breach of fiduciary duty are: "(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, (3) knowing participation in that breach by the defendant, and (4) damages proximately caused by the breach." *CCBN.Com, Inc. v. Thomson Fin., Inc.*, 270 F. Supp. 2d 146, 152 (D. Mass. 2003) (*quoting Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del.2001)) (cleaned up).

contract law cause of action is only applicable to contracting parties – and the complaint does not plead Jayasinha entered into a contract with plaintiff. **ECF No. 26** at 13-15. Jayasinha is right.

Under Puerto Rico's contract law, *dolus* (or deceit) can be manifested in one of two situations: in the "formation" of a contract, when a party obtains the consent of another through deceptive means; or in the "performance" of a contractual obligation, when a party, knowingly and intentionally, through deceitful means, avoids complying with its contractual obligations. *See Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000); P.R.Laws Ann. tit. 31, §§ 3404 to 3409. *See also P.C.M.E. Commercial v. Pace Membership Warehouse, Inc.*, 952 F.Supp. 84, 92 (D.P.R.1997). Neither situation applies here, where the complaint alleges neither that Jayasinha entered into a contract with the plaintiff, nor that Jayasinha avoided complying with any contractual obligations he owed to plaintiff. *See id.*

Thus, plaintiff's *dolus* claim against Jayasinha is **DISMISSED WITHOUT PREJUDICE**.

### b. Ruiz

Plaintiff included three counts in his complaint against Ruiz: fraud, breach of fiduciary duty, and deceit or *dolus*. **ECF No. 1**.

#### i. Fraud and Breach of Fiduciary Duty

Ruiz argues that the fraud and breach of fiduciary duty claims lodged against him are insufficiently pleaded because plaintiff only raises "generic allegations not conforming to [sic] applicable law." **ECF No. 42** at 2. This argument is found wanting.

After careful review of the complaint, the Court finds that it contains sufficient allegations to formulate claims of fraud and breach of fiduciary duty against Ruiz – even under Rule 9(b)'s heightened pleading standard.

A Puerto Rico fraud claim requires "(1) that a false representation was made; (2) that the plaintiff reasonably and foreseeably relied thereon; (3) that the plaintiff was injured by his reliance; and (4) that the defendant intended to defraud the plaintiff." *Microsoft Corp. v. Computer Warehouse*, 83 F. Supp. 2d 256, 262 (D.P.R. 2000). Plaintiff alleges that, on October 1, 2019, Ruiz "misrepresented to [plaintiff] that DMX would soon be cash positive and that [plaintiff] would be paid with default interest by June 2020," and that he relied on that representation to his detriment. **ECF No. 1** at 9-10. Thus, the Court finds that he plausibly plead fraud against Ruiz.

For a a breach of fiduciary duty derivative claim to succeed, a plaintiff must show "(1) that a fiduciary duty existed and (2) that the defendant breached that duty." *Beard Rsch., Inc.*, 8 A.3d at 601. Plaintiff amply satisfies that standard by pleading that Ruiz was an officer, manager and board member of DMX and that he engaged in at least eight specific activities that could plausibly breach the fiduciary duty Ruiz owed DMX as an officer and board member. **ECF No. 1** at 2 and 11-12. Thus, the Court finds that plaintiff plausibly plead a breach of fiduciary claim against Ruiz.[10]

Ruiz's bids to dismiss plaintiff's fraud and breach of fiduciary duty claims are **DENIED**.

---

[10] Again, plaintiff shall file an affidavit within 15 days of entry of this order to cure his noncompliance with Rule 23.1. *See Weisfeld v. Spartans Industries, Inc.*, 58 F.R.D. 570.

### ii. Jurisdictional Argument

Ruiz also argues that plaintiff's suit should be dismissed because he neglected to join Judd Ireland ("Ireland") – a potential joint tortfeasor and the guarantor of plaintiff's loan to DMX. **ECF No. 45** at 6-11. Plaintiff contends Ireland is an indispensable party (under Rule 19 of the Federal Rules of Civil Procedure) whose joinder would destroy diversity jurisdiction. *Id.*

To determine whether an unjoined party is indispensable, the Court must inquire whether they are persons in whose absence "the court cannot accord complete relief" or whose interests would be prejudiced were they not a party. Fed. R. Civ. P. 19(a)(1).

It is blackletter law (in Puerto Rico) that joint tortfeasors are jointly and severally liable to other joint tortfeasors. *Ramírez-Ortiz v. Corporación Del Centro Cardiovascular De Puerto Rico y Del Caribe*, 994 F. Supp. 2d 218, 222 (D.P.R. 2014). And, a party who is jointly and severally liable is generally not indispensable. *Guzmán-Fonalledas v. Hosp. Español Auxilio Mutuo*, 289 F. Supp. 3d 331, 334 (D.P.R. 2018) ("Rule 19 does not require a person who is potentially liable as a joint tortfeasor to be joined to an action as a necessary or indispensable party."). There is, thus, no need to join Ireland – a potential joint tortfeasor is not indispensable under Rule 19.

Ireland's alleged status as a guarantor does not transform him into an indispensable party, either. *U.S.I. Properties Corp. v. M.D. Const. Co.*, 860 F.2d 1, 7 (1st Cir. 1988) ("By law, therefore, a guarantor is not an indispensable party under Puerto Rico law … because, as to

these parties, complete relief was available without the need to bring in [the guarantor].").[11] To boot, Ruiz has not laid out a factual basis for Ireland's citizenship or his status as a guarantor – the e-mail supplied, by itself, is wholly insufficient. *See* **ECF No. 42-1**.

Ruiz's motion to dismiss for lack of jurisdiction is therefore **DENIED**.

### iii. Dolus

For the reasons stated above when discussing plaintiff's *dolus* claim against Jayasinha, the *dolus* claim against Ruiz shall also be **DISMISSED WITHOUT PREJUDICE**. *See supra* at 7-8. Simply put, plaintiff's complaint does not allege that Ruiz entered into a contract with plaintiff, or that Ruiz avoided fulfilling a contractual obligation he personally owed to plaintiff.[12] *See Generadora De Electricidad Del Caribe*, 92 F. Supp. 2d at 18.

### c. Digitradix

Now, it is the last defendant's turn at bat. Plaintiff's complaint alleges that Digitraidx is liable for DMX's acts because it is a successor of DMX. **ECF No. 1**. Digitraidx, however, argues that it is not DMX's successor. **ECF No. 26** at 5-10. Digitraidx's argument misses the mark.

"A corporation is a successor in interest of another if one of these four (4) requirements can be established: (1) the transferee of assets has made an assumption of liability (implied or explicit); (2) the transfer of assets is a *de facto* merger between the two corporations; (3) the

---

[11] In any event, Ruiz has not developed an argument as to how Ireland's status as a loan guarantor would make him indispensable to the present suit.
[12] Ruiz could be found liable under a different cause of action that does not require he himself be a party to the contract, but the Court cannot consider an unpleaded claim.

transferee corporation is a mere continuation of the seller corporation; or (4) the transfer of assets was fraudulent." *Maldonado v. Valsyn S.A.*, 434 F. Supp. 2d 90, 92 (D.P.R. 2006). The Court finds that, at the very least, plaintiff has plausibly plead that Digitraidx is a mere continuation of DMX.[13]

The "mere continuation" determination here would turn upon factfinding inquiries into five emblematic circumstances: whether (1) DMX transferred its assets; (2) Digitraidx paid less than adequate consideration for DMX's assets; (3) Digitraidx continues DMX's business; (4) both corporations share at least one common officer who was instrumental in the transfer; and (5) DMX was left incapable of paying its creditors. *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 268 (1st Cir. 1997). Here, plaintiff has plead that DMX's assets were transferred to Digitraidx (albeit through an intermediary) for "pennies on the dollar." **ECF No. 1** at 6-7. Plaintiff has also alleged that Digitraidx continues to satisfy DMX's invoices to vendors and continues to provide the same services DMX provided to the same clients. *Id.* at 7. Plaintiff plead that Ruiz was an officer of DMX and is now and officer of Digitraidx, and that he (along with Jayasinha) was instrumental in the transfer. *Id.* Finally, plaintiff's complaint is replete to references to DMX's insolvency following the purported transfer of assets to Jayasinha, and ultimately Digitraidx. *See id. generally.* Therefore, the Court finds that plaintiff has plausibly plead that Digitraidx is a successor of DMX for purposes of liability.

---

[13] This finding does not foreclose a future finding that Digitraidx is DMX's successor on any of the three other possible grounds.

Digitraidx motion to dismiss is accordingly **DENIED**.

## IV. Conclusion

For the foregoing reasons, Jayasinha and Digitraidx's motion to dismiss (**ECF No. 26**) is **GRANTED IN PART** and **DENIED IN PART**. The fraud and *dolus* claims lodged against Jayasinha are **DISMISSED WITHOUT PREJUDICE**. All other claims against Jayasinha and Digitraidx live to fight another day.

Ruiz's motion to dismiss (**ECF No. 42**) is also **GRANTED IN PART** and **DENIED IN PART**. The *dolus* claim against Ruiz is **DISMISSED WITHOUT PREJUDICE**. All other claims against Ruiz survive.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2022.

                                                      **S/AIDA M. DELGADO-COLÓN**
                                                      **United States District Judge**